1 DAVID M. GOODRICH, #128675                                     JS-6
  dgoodrich@marshackhays.com
2 CHAD V. HAES, #267221
  chaes@marshackhays.com
3 MARSHACK HAYS LLP
  870 Roosevelt Avenue
4 Irvine, California 92620
  Telephone:  (949) 333-7777
5 Facsimile:  (949) 333-7778

6 Attorneys for Plaintiff and Chapter 7 Trustee,
  RICHARD A. MARSHACK
7

8         **ORDER OF THE UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA**
          **PURSUANT TO A REPORT AND RECOMMENDATION**
9         **MADE BY THE UNITED STATES BANKRUPTCY COURT**
          **CENTRAL DISTRICT COURT**
10

11              UNITED STATES BANKRUPTCY COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                  SANTA ANA DIVISION

14 In re                          | Case No.  8:11-bk-20448-CB

15 YAN SUI,                       | Chapter  7

16         Debtor.                | Adv No.  8:11-ap-01356-CB

17 ─────────────────────────       SACV13-519 MWF

18 RICHARD A. MARSHACK, Chapter 7  | ORDER GRANTING MOTION FOR
   Trustee,                        | SUMMARY ADJUDICATION

19         Plaintiff,              | [DOCKET NO. 61]

20    vs.                          | Date:  March 5, 2013
                                   | Time:  1:30 p.m.
21 PEI-YU YANG,                    | Ctrm:  5D

22         Defendant.

23

24          Plaintiff/Movant, Richard A. Marshack, Chapter 7 Trustee's ("Trustee") Motion

25 for Summary Adjudication ("Motion") filed as Docket No. 61 came on for hearing on March 5,

26 2013 at 1:30 p.m. before the Honorable Catherine E. Bauer, United States Bankruptcy Judge,

27 presiding.  Trustee appeared by and through his counsel, Marshack Hays LLP, by David M.

28

                                        1

1  Goodrich.  Defendant/Respondent Pei-Yu Yang ("Defendant") failed to appear at the hearing on

2  the Motion.  All other appearances were as noted on the record.

3          The Bankruptcy Court having reviewed the Motion, declarations, supporting

4  evidence, memorandum of points and authorities and proposed separate statement of undisputed

5  facts and conclusions of law filed by Trustee, all other pleadings and other documents filed in the

6  bankruptcy case of Yan Sui ("Debtor") and this related adversary proceeding, and having

7  considered the arguments and representations of counsel during the hearing, submitted a Report

8  and Recommendation to the District Court wherein it recommended entry of this order in favor

9  of Trustee.

10          IT IS ORDERED that:

11          1.      The Motion is granted in its entirety and a separate Findings of Fact and

12  Conclusions of Law shall be entered.

13

14          2.      Judgment is entered in favor of Trustee and against Defendant as to

15  Trustee's First, Second and Fourth Claims for Relief.  Judgment shall provide for relief as

16  follows:  (a) the transfer of that certain real property located at 2176 Pacific Avenue #C, Costa

17  Mesa, California (the "Property") from Debtor to Defendant is avoided; (b) the avoided transfer

18  results in the Property re-vesting in the names of Debtor and Defendant as joint tenants; (c) the

19  Debtor's interest in the Property is rendered property of the Debtor's bankruptcy estate as a

20  result of the avoided transfer; and (d) Trustee may recover and administer the estate's interest in

21  the Property for the benefit of creditors of the estate;

22          3.      There are no triable issues of fact that the transfer of the Property from the

23  Debtor to the Defendant is an avoidable fraudulent transfer;

24          4.      The Trustee's Request for Judicial Notice filed on February 26, 2013 as

25  docket number 66 is granted;

26          5.      The Trustee's Objections to Evidence filed on February 26, 2013 as

27  docket number 68 is granted and Exhibits 1 and 2 to the Defendant's Opposition ("Opposition")

28  filed on February 19, 2013 are stricken;

6. The Opposition, although it was filed late, was considered nonetheless;

7. The Defendant's failure to timely respond to the Trustee's Requests for Admission served on August 24, 2012 and Trustee's Amended Request for Admission served on August 31, 2012, as well as her failure to seek relief from the admissions that resulted from her failure to respond to such requests, are binding on the Defendant and the Defendant will not be afforded any relief from such requests as a result of her delay to seek relief and the Trustee's reliance; and

8. The Defendant's failure to file a Separate Statement of Genuine Facts with her Opposition resulted in an admission of all facts submitted by the Trustee in the Motion under Local Bankruptcy Rule 7056-1(f).

DATE: May 22, 2013 _____

cc: Bankruptcy Court

3