1 DAVID M. GOODRICH, #128675
  dgoodrich@marshackhays.com
2 CHAD V. HAES, #267221
  chaes@marshackhays.com
3 MARSHACK HAYS LLP
  870 Roosevelt Avenue
4 Irvine, California 92620
  Telephone: (949) 333-7777
5 Facsimile: (949) 333-7778

6 Attorneys for Plaintiff and Chapter 7 Trustee,
  RICHARD A. MARSHACK
7

FILED
CLERK, U.S. DISTRICT COURT

SEP 20 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

8                **THE UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
9           **PURSUANT TO A REPORT AND RECOMMENDATION**
            **MADE BY THE UNITED STATES BANKRUPTCY COURT**
                  **CENTRAL DISTRICT COURT:**
10

11               UNITED STATES BANKRUPTCY COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13               SANTA ANA DIVISION   *SACV 13-519-MWF*

| | |
|---|---|
| 14 In re | Case No. 8:11-bk-20448-CB |
| 15 YAN SUI, | Chapter 7 |
| 16    Debtor. | Adv No. 8:11-ap-01356-CB |
| 17 | FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY ADJUDICATION |
| 18 RICHARD A. MARSHACK, Chapter 7 Trustee, | |
| 19    Plaintiff, | [DOCKET NO. 61] |
| 20 vs. | Date: March 5, 2013 |
| 21 PEI-YU YANG, | Time: 1:30 p.m. Ctrm: 5D |
| 22    Defendant. | |
| 23 | |

24       Plaintiff/Movant, Richard A. Marshack, Chapter 7 Trustee's ("Trustee"), Motion

25 for Summary Adjudication ("Motion") filed as Docket No. 61 came on for hearing on March 5,

26 2013 at 1:30 p.m. before the Honorable Catherine E. Bauer, United States Bankruptcy Judge,

27 presiding.  Trustee, appeared by and through his counsel, Marshack Hays LLP, by David M.

28

1 | Goodrich.  Defendant/Respondent Pei-Yu Yang ("Defendant") failed to appear at the hearing on

2 | the Motion.  All other appearances were as noted on the record.

3 |         The Bankruptcy Court having reviewed the Motion, declarations, supporting

4 | evidence, memorandum of points and authorities and proposed separate statement of undisputed

5 | facts and conclusions of law filed by Trustee, all other pleadings and other documents filed in

6 | this bankruptcy case, and having considered the arguments and representations of counsel,

7 | during the hearing, submitted a Report and Recommendation to the District Court wherein it

8 | recommended entry of these Findings of Fact and Conclusions of Law, which the District Court

9 | enters.

10 | FINDING OF FACTS

11 |         1.     On July 27, 2011 (the "Petition Date"), Yan Sui ("Debtor") filed a

12 | voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

13 |         2.     On November 7, 2011, Trustee filed a complaint for: (1) avoidance and

14 | recovery of intentional fraudulent transfer; (2) avoidance and recovery of constructive fraudulent

15 | transfer; (3) unjust enrichment; (4) declaratory relief regarding fraudulent transfer; and (5)

16 | declaratory relief regarding Debtor's community property interest in property ("Complaint"),

17 | commencing this Adversary Proceeding.

18 |         3.     On September 23, 2011, Pei-Yu Yang ("Defendant") filed her Answer to

19 | the Complaint.

20 |         4.     On August 24, 2012, Trustee properly served on Defendant, by first class

21 | United States Mail, Trustee's: (1) First Set of Requests for Admission ("RFAs"); (2) First Set of

22 | Requests for Production of Documents; (3) First Set of Interrogatories (collectively, the "Written

23 | Discovery Requests"); and (4) Rule 26 Initial Disclosures.

24 |         5.     On August 31, 2012, Trustee properly served on Defendant, by first class

25 | United States Mail: Trustee's (1) Amended First Set of Requests for Admission ("Amended

26 | RFAs"); and (2) Letter regarding corrected RFAs due to an erroneous omission of the exhibits

27 | referenced in the RFAs.

28 |     //

/ / /

6.     On October 24, 2012, Trustee's counsel sent Defendant a letter seeking to meet and confer under Local Bankruptcy Rule 7026-2(c)(1) ("First Meet and Confer Letter") to resolve discovery disputes and to notify Defendant that her responses to the RFAs were late and deemed admitted.

7.     On November 8, 2012, Trustee's counsel sent Defendant a second letter seeking to meet and confer under Local Bankruptcy Rule 7026-2(c)(1) ("Second Meet and Confer Letter") to resolve discovery disputes.

8.     To date, Trustee has not received responses to the Written Discovery Requests or the Amended RFAs.

9.     The Defendant failed to respond to the Trustee's RFAs and Amended RFAs within thirty days from the service of the RFAs and Amended RFAs.

10.     The Defendant has not sought any relief from this Court for the admissions resulting from her failure to respond to the RFAs and Amended RFAs.

11.     The RFAs and Amended RFAs are deemed admitted.

12.     The Court will not relieve the Defendant from any request to be relieved from the admissions resulting from the Defendant's failure to respond to the RFAs and Amended RFAs, should the Defendant make such a request.

13.     The Trustee relied on the Defendant's admissions of fact as set forth in the RFAs and the Amended RFAs.

14.     The Defendant failed to file a Separate Statement of Genuine Facts with her Opposition to the Trustee's Motion.

15.     The facts as set forth by in Trustee's Statement of Uncontroverted Facts now exist without controversy and have been adopted by this Court.

16.     The Quitclaim Deed dated May 21, 2009, and recorded with the Orange County Clerk-Recorder on June 10, 2009, as instrument number 2009000301081 (the "Quitclaim Deed"), purporting to transfer Debtor's interest in real property commonly known as 2176 Pacific Avenue #C, Costa Mesa, California (the "Property") to Defendant is genuine.

3

17.   On or about May 21, 2009, Defendant signed the Quitclaim Deed.

18.   On or about May 21, 2009, Debtor signed the Quitclaim Deed.

19.   On June 10, 2009, the Quitclaim Deed was recorded with the Orange County Clerk-Recorder.

20.   On June 10, 2009, Defendant received a transfer of property from Debtor.

21.   On June 10, 2009, Defendant received a transfer of the Property from Debtor.

22.   The Quitclaim Deed reflects a transfer of property from Debtor to Defendant.

23.   The Quitclaim Deed reflects a transfer of the Property from Debtor to Defendant.

24.   Defendant's receipt of the transfer shown in the Quitclaim Deed constitutes the receipt of an interest of the Debtor in property.

25.   Defendant's receipt of the transfer shown in the Quitclaim Deed constitutes the receipt of an interest of the Debtor in the Property.

26.   Debtor did not receive any value from Defendant in exchange for the transfer shown on the Quitclaim Deed.

27.   Debtor did not receive any value from Defendant in exchange for the transfer of the Property by Debtor to Defendant.

28.   Debtor transferred the Property to Defendant with the intent to hinder, delay or defraud Debtor's creditor, Kenny Tan.

29.   Debtor transferred the Property to Defendant with the intent to hinder, delay or defraud creditors of the Debtor.

30.   Debtor did not receive any money from Defendant in exchange for the transfer of the Property by Debtor to Defendant.

31.   Debtor did not receive any property from Defendant in exchange for the transfer of the Property by Debtor to Defendant.

//

4

1        32.    Debtor did not receive anything of value from Defendant in exchange for

2 the transfer of the Property by Debtor to Defendant.

3        33.    The transfer reflected in the Quitclaim Deed was made while Debtor was

4 insolvent.

5        34.    The transfer of the Property by Debtor to Defendant was made while

6 Debtor was insolvent.

7        35.    The transfer reflected in the Quitclaim Deed rendered the Debtor insolvent

8 by virtue of the transfer.

9        36.    The transfer of the Property by Debtor to Defendant rendered the Debtor

10 insolvent by virtue of the transfer.

11        37.    The transfer reflected in the Quitclaim Deed was made while Debtor owed

12 money to creditors.

13        38.    The transfer of the Property by Debtor to Defendant was made while

14 Debtor owed money to creditors.

15        39.    The transfer reflected in the Quitclaim Deed was made while Debtor owed

16 money to creditors and one or more of those creditors were owed money on the Petition Date.

17        40.    The transfer of the Property by Debtor to Defendant was made while

18 Debtor owed money to creditors and one or more of those creditors were owed money on the

19 Petition Date.

20        41.    The transfer reflected in the Quitclaim Deed was made after an arbitration

21 award was confirmed in favor of Kenny Tan and against Debtor.

22        42.    The transfer of the Property by Debtor to Defendant was made after an

23 arbitration award was confirmed in favor of Kenny Tan and against Debtor.

24        43.    The transfer reflected in the Quitclaim Deed was made on the same day

25 the confirmation of the arbitration award was made by the Orange County Superior Court in case

26 number 07CC07758 in favor of Kenny Tan against the Debtor.

27    //

28    //

44.     The transfer of the Property by Debtor to Defendant was made on the same day as the confirmation of the arbitration award was made by the Orange County Superior Court in case number 07CC09958 in favor of Kenny Tan and against the Debtor.

45.     The transfer shown on the Quitclaim Deed was made on or within four years before the Petition Date.

46.     The transfer of the Property by Debtor to Defendant was made on or within four years before the Petition Date.

47.     The transfer shown on the Quitclaim Deed was made on or within four years before the Petition Date.

48.     The transfer of the Property by Debtor to Defendant was made on or within four years before the Petition Date.

49.     The transfer of the Property was made while the Debtor was engaged or about to be engaged in a business or in a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction.

50.     The transfer of the Property was made while Debtor intended to incur or believed or reasonably should have believed that Debtor would incur debts beyond Debtor's ability to pay them when they became due.

51.     On the date the Property was transferred from the Debtor to the Defendant, the Debtor and Defendant were legally married.

52.     On the Petition Date, the Debtor and Defendant were legally married.

<u>CONCLUSIONS OF LAW</u>

1.     There are no triable issues of fact that remain to rebut the Trustee's evidence that the transfer of the Property from the Debtor to the Defendant is an avoidable fraudulent transfer.

2.     The transfer of the Property from Debtor to Defendant constitutes an actually fraudulent transfer.

3.     The transfer of the Property from Debtor to Defendant constitutes a constructively fraudulent transfer.

4. Debtor did not receive any value in exchange for the transfer.

5. Debtor transferred the Property to Defendant with the intent to hinder, delay or defraud the Debtor's creditors and one or more creditors existed on the date the Debtor's bankruptcy case was filed.

6. The transfer was made while Debtor was insolvent.

7. The transfer rendered Debtor insolvent.

8. The transfer was made while Debtor owed money to creditors, and that certain of these creditors existed on the Petition Date.

9. The transfer occurred shortly after a substantial debt was incurred.

10. Debtor had been sued or threatened with suit before the transfer was made.

11. Trustee's claims are timely because the transfer was made within four years of the Petition Date.

12. The transfer was to an insider.

13. The transfer was made while Debtor was engaged or about to engage in a business or any transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or the transaction.

14. The transfer was made while Debtor intended to incur or believed or reasonably should have believed that Debtor would incur debts beyond the Debtor's ability to pay them as they became due.

15. The transfer was of substantially all of the Debtor's assets.

16. At least six badges of fraud of the Debtor exist under CCP §3439.04.

17. The transfer is subject to avoidance, recovery and preservation by Trustee for the benefit of the bankruptcy estate.

18. Trustee may recover the avoided transfer, which was made to or for the benefit of the Defendant

19. Trustee's avoidance, recovery and preservation of the Debtor's interest in the Property renders the transfer property of the bankruptcy estate.

1        20.    Defendant's failure to respond to Trustee's timely-served RFAs and

2    Amended RFAs prior to the response deadline constitutes admission of those facts and issues of

3    law.

4        21.    Those facts and issues of law deemed admitted are conclusively

5    established as a result of Defendant's failure to respond to Trustee's timely-served RFAs prior to

6    the response deadline.

7        22.    The Defendant's failure to timely respond to the Trustee's RFAs and

8    Amended RFAs, as well as her failure to seek relief from the admissions that resulted from her

9    failure to respond to such requests, are binding on the Defendant.

10       23.    Defendant will not be afforded any relief from such requests as a result of

11   her delay to seek relief and the Trustee's reliance thereon.

12

13       24.    The Defendant is an "insider" of the Debtor as that term is defined in 11

14   U.S.C. §101(31).

15       25.    The Defendant was an "insider" of the Debtor, as that term is defined in

16   11 U.S.C. §101(31), on the date of transfer of the Property from the Debtor to the Defendant.

17       26.    Defendant has no right to setoff.

18       27.    Defendant has no right to recoupment.

19       28.    Defendant has no other affirmative defenses at law.

20   DATE: September 20, 2013

21   HON. MICHAEL W. FITZGERALD

22   U.S. District Judge

23

24

25

26

27

28

8